UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



FILED by ___ D.C.

JUL 2 4 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

RICHARD BUCKLEY CORREA,                    Case No.

Plaintiff,

v.                                **09-61130**

AFNI, INC. and SUPERIOR
ASSET MANAGEMENT, INC.,           **CIV - HUCK**

Defendant.                         MAGISTRATE JUDGE
_____/        O'SULLIVAN

## PETITION FOR REMOVAL WITH SUPPORTING MEMORANDUM OF LAW

The Defendant/Petitioner, SUPERIOR ASSET MANAGEMENT, INC., by and through its undersigned counsel, and respectfully petitions this Honorable Court for removal of the above-styled civil action from the County Court, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and state as follows:

1.     Defendant/Petitioner, SUPERIOR ASSET MANAGEMENT, INC., have been named as Defendant/Petitioner in a civil action brought against it in the County Court in and for, Broward County Florida styled "*Richard Buckley Correa v. Superior Asset Management, Inc..*", Case No.: 09-013438.   A copy of the Complaint served in that action, in addition to all process and pleadings served upon Defendant/Petitioner is attached hereto as Composite Exhibit A.

2.     That the aforesaid action was commenced by service of process consisting of said Summons and Complaint, upon the Defendant/Petitioner, SUPERIOR ASSET MANAGEMENT, INC, on or about June 26, 2009.

3.     That the controversy herein between the Plaintiff and Defendant/Petitioner is a controversy based upon consumer protection rights created by and enforced through federal statute 15 U.S.C. §1692 *et seq.* entitled the Fair Debt Collection Practices Act (F.D.C.P.A.).

4.     That the above described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1331, and is one which may be removed to this Court by the Defendants/Petitioners pursuant to the provisions of Title 28, United States Code, Section 1441(a), in that it is a civil action based upon a federal question over which this Court has original jurisdiction.

5.     This Notice of Removal is filed with this Court within 30 days after service on Defendant/Petitioner of the Complaint in the above-styled action and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

## MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION FOR REMOVAL

### Statement of the Case and Facts

The instant suit is a civil action which includes a federal question,

specifically, a claim that the Defendant/Petitioner violated Plaintiff's consumer protection rights under the Fair Debt Collection Practices Act. The original Complaint seeks an award of damages against this Defendant/Petitioner, for alleged violations of this federal consumer protection statute. Plaintiff alleges that he has sustained damages and seeks judgment for those damages against this Defendant/Petitioner.

### Federal Court Jurisdiction

This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331. Section 1331 states as follows:

§1331. Federal question.

*The federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.*

The original Complaint herein raises a federal question and satisfies the jurisdictional requirements of 28 U.S.C. §1331. This Honorable Court therefore has original jurisdiction of this civil action.

### Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441 which states in pertinent part as follows:

*"Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States*

*for the district and division embracing the place where such action is pending . . . "*

Given that this action is one over which the United States District Court for the Southern District of Florida would have original jurisdiction, this case may properly be removed by Defendant/Petitioner pursuant to 28 U.S.C. §1446(a) which provides:

> *"A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."*

In the instant suit, the Defendant/Petitioner have filed a Notice which complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal.]

### Timeliness of Removal

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant/Petitioner, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. The original Complaint was filed with the Court on or about June 19, 2009 and served upon the Defendant/Petitioner on or about June 26, 2009, and this Petition for

Removal has been filed less than thirty (30) days from service of the original Complaint.

## Consent of Co-Defendants

Undersigned counsel represents that Co-Defendant, AFNI, INC. has consented to this removal and a Consent to Joinder signed by an authorized representative has been filed contemporaneously with this Petition.[1]

## Supplemental Jurisdiction

This Court has the discretion to exercise supplemental jurisdiction over any state law claims which have been asserted as part of the underlying action.  28 U.S.C. §1441(c) provides as follows:

> "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by §1331 of this Title, is joined within one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."

Defendant/Petitioner would submit that Plaintiff has asserted a claim under state law based upon the same factual allegations which support the federal claim.

WHEREFORE, Defendant/Petitioner, SUPERIOR ASSET MANAGEMENT, INC, respectfully requests this Honorable Court enter its Order removing the entire case from the County Court in and for Broward County,

---

[1] Based upon conversations with Co-Defendant, AFNI, INC. the matter has likely been settled between Plaintiff and AFNI but in an abundance of caution, Defendant/Petitioner has attached their Joinder to this Petition.

Florida, to the United States District Court, Southern District of Florida.

Respectfully Submitted,

_____

Ernest "Skip" H. Kohlmyer
Florida Bar No. 0110108
Molly E. Young
Florida Bar No. 0599891

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via facsimile and regular U.S. Mail this 25 day of July, 2009, to: Richard Buckley, Esquire, 2500 Weston Road, Suite 213, Fort Lauderdale, Florida 33327.

_____

Ernest "Skip" H. Kohlmyer, Esquire
Florida Bar No.: 0110108
Molly E. Young, Esquire
Florida Bar No. 0599891
Bell, Roper & Kohlmyer, P.A.
2707 E. Jefferson Street
Orlando, FL  32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Attorneys for Defendant
SUPERIOR ASSET MANAGEMENT, INC.

IN THE COUNTY COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

RICHARD BUCKLEY CORREA,

CASE NO. 09 - 13438

    Plaintiff,

vs.

AFNI, INC. and SUPERIOR ASSET
MANAGEMENT, INC.,

    Defendants.

**ALL PLEADINGS IN THIS
CASE MUST BE FILED IN
COUNTY COURT - WEST FACILITY
100 N. PINE ISLAND RD.
PLANTATION, FLORIDA 33324**

COWE

80

STEVEN G. SHUTTER

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff Of The State:

    YOU ARE COMMANDED to serve this summons and a copy of the Complaint in this action on the following Defendant:

TO:  SUPERIOR ASSET MANAGEMENT, INC.

By Serving its registered agent:

Brandon Groom.
Certified Process Server ID# 197
Second Judicial Circuit Florida
Date: 6/26/09   Time: 2:40 PM

    **Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301**

    Each Defendant is required to serve written defenses to the Complaint or petition on Plaintiff's attorney:

Richard Buckley, Esquire
LAW OFFICE OF BUCKLEY CORREA
2500 Weston Road Suite 213
Fort Lauderdale, Florida, 33327
(954) 217-3017

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that

-1-


EXHIBIT

Defendant for the relief demanded in the complaint or petition. This Summons and Complaint have been filed at the request of the Plaintiff. This Complaint has been filed to collect amounts due and owing, and any information obtained will be used for that purpose.

DATED ON _____ **JUN 19 2009** _____, 2009.

Clerk of the Court

By: _____

(SEAL)

Deputy Clerk

EARTHA ROLLE

A TRUE COPY
County Court Seal

-2-

IN THE COUNTY COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

RICHARD BUCKLEY CORREA,

CASE NO.   09-13438

Plaintiff,

**COWE**

vs.

AFNI, INC. and SUPERIOR ASSET
MANAGEMENT, INC.,

**A TRUE COPY**

Defendants.

/

**80**

STEVEN G. SHUTTER

**II. TYPE OF CASE** (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional Malpractice | ☐ Contracts |
| ☐ Dissolution | ☐ Products liability | ☐ Condominium |
| ☐ Support - IV-D | ☐ Auto negligence | ☐ Real property/Mtg. foreclosure |
| ☐ Support - Non IV-D | ☐ Other negligence | ☐ Eminent domain |
| ☐ URESA - IV-D | | ☐ Other |
| ☐ URESA - Non IV-D | | |
| ☐ Domestic violence | | |
| ☐ Other domestic relations | | |

**III. Is Jury Trial Demanded in Complaint?**

    X    Yes
           No

Dated: June 17, 2009

LAW OFFICE OF BUCKLEY CORREA
Counsel for Plaintiff
2500 Weston Road Suite 213
Weston, FL 33331
(954) 217-3017

BY:

Richard Buckley, Esquire
Fla. Bar No. 50830

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

RICHARD BUCKLEY CORREA,

CASE NO. 09-13438

Plaintiff,

vs.

AFNI, INC. and SUPERIOR ASSET MANAGEMENT, INC.,

Defendants.

**A TRUE COPY**

COWE



STEVEN G. SHUTTER

/

**COMPLAINT**

The Plaintiff, RICHARD BUCKLEY CORREA, by and through undersigned counsel, sues Defendants, AFNI, INC. and SUPERIOR ASSET MANAGEMENT, INC. and alleges:

1.     This is an action for damages greater than $5,000.00 but less than $15,000.00, exclusive of attorneys' fees, interest and costs.

2.     At all times material hereto, Plaintiff, RICHARD BUCKLEY CORREA (Plaintiff or "BUCKLEY CORREA "), was a resident of Broward County, Florida.

3.     Defendant, AFNI, INC., ("AFNI") is a foreign corporation and transacts business in Broward County, Florida.

4.     Defendant, SUPERIOR ASSET MANAGEMENT, INC., ("SUPERIOR") is a foreign corporation and transacts business in Broward County, Florida.

5.     The principal purpose of AFNI is the collection of debts, and AFNI regularly attempts to collect consumer debts alleged to be due another using the mail and telephone.

6.     The principal purpose of SUPERIOR is the collection of debts, and SUPERIOR regularly attempts to collect consumer debts alleged to be due another using the mail and telephone.

7.    According to the Florida Consumer Collection Practices Act, "no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration." § 559.553 et seq., *Fla. Stat.*

8.    AFNI has attempted to do business in Florida as a consumer collection agency by attempting to collect a disputed debt from Plaintiff, a Broward County Resident.

9.    SUPERIOR has attempted to do business in Florida as a consumer collection agency by attempting to collect a disputed debt from Plaintiff, a Broward County Resident.

10.    AFNI had used the mail and the telephone in its attempts to collect a disputed debt from Plaintiff.

11.    SUPERIOR had used the mail and the telephone in its attempts to collect a disputed debt from Plaintiff.

12.    Further, according to the Florida Consumer Collection Practices Act, "any out-of-state consumer debt collector as defined in § 559.55(8) who is not exempt from registration by application of subsection (4) and who fails to register in accordance with this part shall be subject to an enforcement action by the state as specified in § 559.565". § 559.553 et seq., *Fla. Stat.*

13.    AFNI does not appear to be registered with the State of Florida as specified in § 559.565, *Fla. Stat.*, at all times relevant to their collection activities.

14.    SUPERIOR does not appear to be registered with the State of Florida as specified in § 559.565, *Fla. Stat.*, at all times relevant to their collection activities.

15.    Plaintiff's alleged debt, at issue, was incurred for personal, family or household services.

2

16.     On or about January 4, 2008, Plaintiff wrote AFNI a certified letter indicating that Plaintiff disputed the alleged debt, asked AFNI to comply with the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, and requested that AFNI *cease and desist* all collection efforts and all communications with Plaintiff pursuant to the Fair Debt Collection Practices Act (the "CONSUMER DISPUTES THE DEBT LETTER" or the "CEASE AND DESIST LETTER"). A copy of Plaintiff's letter is attached as **Exhibit A** and is incorporated in its entirety by this reference.

17.     On or about April 24, 2005, Plaintiff wrote SUPERIOR a certified letter indicating that Plaintiff disputed the alleged debt, asked SUPERIOR to comply with the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, and requested that AFNI *cease and desist* all collection efforts and all communications with Plaintiff pursuant to the Fair Debt Collection Practices Act (the "CONSUMER DISPUTES THE DEBT LETTER" or the "CEASE AND DESIST LETTER"). A copy of Plaintiff's letter is attached as **Exhibit B** and is incorporated in its entirety by this reference.

18.     On or about January 11, 2008, AFNI received Plaintiff's certified CEASE AND DESIST LETTER as acknowledged by the return receipt card which was returned to Plaintiff.

19.     On or about April 28, 2005, SUPERIOR received Plaintiff's certified CEASE AND DESIST LETTER as acknowledged by the return receipt card which was returned to Plaintiff.

20.     On February 16, 2008, Plaintiff received a direct communication from an AFNI representative, by way of a letter, to explain the basis of Plaintiff's dispute and to support Plaintiff's dispute.

21.     AFNI had received Plaintiff's CEASE AND DESIST LETTER *over a month before their letter.*

3

22.     As AFNI attempted to collect on a debt in Florida, AFNI is required to comply with the requirements of the Fair Debt Collections Practices Act , 15 U.S.C. § 1692 *et seq.* (the "FDCPA), Fair Credit Reporting Act  15 U.S.C. §  1681 *et seq.* (the "FCRA), and the Florida Consumer Collection Practices Act, § 559.55 *et seq.*, Fla. Stat. ("FCCPA").

23.     As SUPERIOR attempted to collect on a debt in Florida, SUPERIOR is required to comply with the requirements of the Fair Debt Collections Practices Act , 15 U.S.C. § 1692 *et seq.* (the "FDCPA), Fair Credit Reporting Act  15 U.S.C. § 1681 *et seq.* (the "FCRA), and the Florida Consumer Collection Practices Act, § 559.55 *et seq.*, Fla. Stat. ("FCCPA").

24.     Venue is proper in this Court because: (I) the conduct from which this cause of action arises occurred in this County and (ii) Defendant transacts business in this County.

25.     Both AFNI and SUPERIOR are attempting to collect the same debt that has been disputed by the Plaintiff for over five years.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT RECORDING ACT
(Against AFNI and SUPERIOR)

Plaintiff realleges all introductory paragraphs 1 through 25 and incorporates them by this reference.

26.     Defendant, AFNI, is a "debt collector" as defined by 15 U.S.C. §  1692a(6).

27.     Defendant, SUPERIOR, is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28.     Defendant, AFNI, is a "person" as defined by 15 U.S.C. §  1681a(b)

29.     Defendant, SUPERIOR, is a "person" as defined by 15 U.S.C. §  1681a(b)

30.     Plaintiff, BUCKLEY CORREA, is a "consumer" as defined by 15 U.S.C. § 1681a(C).

4

31. AFNI regularly provides information to the consumer reporting agencies.

32. SUPERIOR regularly provides information to the consumer reporting agencies.

33. After AFNI received Plaintiff's CONSUMER DISPUTES THE DEBT LETTER, AFNI had an obligation to notify the consumer reporting agencies that Plaintiff disputed the alleged debt.

34. After SUPERIOR received Plaintiff's CONSUMER DISPUTES THE DEBT LETTER, SUPERIOR had an obligation to notify the consumer reporting agencies that Plaintiff disputed the alleged debt.

35. The Fair Credit Reporting Act, 15 U.S.C. §1681s-2(a)(3), requires AFNI to contact the consumer reporting agencies immediately after AFNI received Plaintiff's CONSUMER DISPUTES THE DEBT LETTER. The FCRA states in pertinent part:

§1681s-2. Responsibilities of furnishers of information to consumer reporting agencies

(a) Duty of furnishers of information to provide accurate information.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer. [15 U.S.C. § 1681s-2(a)(3)]

36. The Fair Credit Reporting Act, 15 U.S.C. §1681s-2(a)(3), requires SUPERIOR to contact the consumer reporting agencies immediately after SUPERIOR received Plaintiff's CONSUMER DISPUTES THE DEBT LETTER. The FCRA states in pertinent part:

§1681s-2. Responsibilities of furnishers of information to consumer reporting agencies

**(a) Duty of furnishers of information to provide accurate information.**

**(3) Duty to provide notice of dispute.** If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer. [15 U.S.C. § 1681s-2(a)(3)]

37.     AFNI failed to immediately notify the consumer reporting agency, namely Equifax, that Plaintiff disputed the alleged debt as required by the FCRA.

38.     SUPERIOR failed to notify the consumer reporting agency, namely Equifax, that Plaintiff disputed the alleged debt as required by the FCRA.

39.     AFNI  violated the FCRA.

40.     SUPERIOR violated the FCRA.

41.     Each day that AFNI fails to notify the consumer reporting agency of the dispute is a violation under FCRA.

42.     Each day that SUPERIOR fails to notify the consumer reporting agency of the dispute is a violation under FCRA.

43.     As a result of AFNI's violations of the FCRA, Defendant, AFNI is liable to the Plaintiff, BUCKLEY CORREA, for statutory damages, actual damages, costs and attorney's fees.

44.     As a result of SUPERIOR's violations of the FCRA, Defendant, SUPERIOR is liable to the Plaintiff, BUCKLEY CORREA, for statutory damages, actual damages, costs and attorney's fees.

6

45.    Plaintiff, BUCKLEY CORREA , has been damaged by these acts and/or statements and Plaintiff has incurred attorneys' fees and is entitled to reimbursement of those attorneys' fees pursuant to 15 U.S.C. § 1681(n) and/or 15 U.S.C. § 1681(o).

WHEREFORE, Plaintiff, RICHARD BUCKLEY CORREA, demands judgment against Defendants, AFNI, INC. and SUPERIOR ASSET MANAGEMENT, INC., as follows :

(A) a declaratory judgment stating that Defendants' conduct violated the FCRA;

(B) a final judgment requiring Defendants to notify the credit reporting agency, Equifax, that Plaintiff disputes the alleged debt;

(C) statutory damages pursuant to 15 U.S.C § 1681n;

(D) actual damages  pursuant to 15 U.S.C § 1681n;

(E) costs and reasonable attorneys' fees; and

(F) such other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AFNI and SUPERIOR)

Plaintiff realleges all introductory paragraphs 1 through 25 and incorporates them by this reference.

46.    Defendant, AFNI, is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

47.    Defendant, SUPERIOR, is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

48.    Plaintiff, BUCKLEY CORREA, is a "consumer" as defined by 15 U.S.C. § 1692(a)(3)

7

49.    After AFNI received Plaintiff's CEASE AND DESIST LETTER, AFNI had an obligation to discontinue communications with BUCKLEY CORREA in an attempt to collect the debt.

50.    After SUPERIOR received Plaintiff's CEASE AND DESIST LETTER, SUPERIOR had an obligation to discontinue communications with BUCKLEY CORREA in an attempt to collect the debt.

51.    The Fair Debt Collection Practices Act states in pertinent part:

**§1692c(c). CEASING COMMUNICATION**

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, *the debt collector shall not communicate further with the consumer with respect to such debt [emphasis added]*, except

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, *notification shall be complete upon receipt*.

52.    On or about January 11, 2008, AFNI received Plaintiff's certified CEASE AND DESIST LETTER as acknowledged by the return receipt card which was returned to Plaintiff.

8

53. On or about April 28, 2008, SUPERIOR received Plaintiff's certified CEASE AND DESIST LETTER as acknowledged by the return receipt card which was returned to Plaintiff.

54. On February 16, 2008, AFNI's representative *did not* advise the consumer that AFNI's further efforts were being terminated.

55. On February 16, 2008, AFNI's representative *did not* notify the consumer that AFNI or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor.

56. On February 16, 2008, AFNI's representative *did not* notify the consumer that AFNI or creditor intended to invoke a specified remedy.

57. On February 16, 2008, SUPERIOR's representative *did not* advise the consumer that SUPERIOR's further efforts were being terminated.

58. On February 16, 2008, SUPERIOR's representative *did not* notify the consumer that SUPERIOR or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor.

59. On February 16, 2008, SUPERIOR's representative *did not* notify the consumer that SUPERIOR or creditor intended to invoke a specified remedy.

60. As a result of AFNI's violations of the FCRA, Defendant is liable to the Plaintiff, BUCKLEY CORREA, for statutory damages, actual damages, costs and attorney's fees.

61. As a result of SUPERIOR's violations of the FCRA, Defendant is liable to the Plaintiff, BUCKLEY CORREA, for statutory damages, actual damages, costs and attorney's fees.

62. Plaintiff, BUCKLEY CORREA, has been damaged by these acts and/or statement and Plaintiff has incurred attorneys' fees as entitled to reimbursement of those attorneys' fees pursuant to 15 U.S.C. § 1692k.

9

68.     The Florida Consumer Collections Practices Act, requires AFNI to contact the consumer reporting agencies immediately after AFNI received Plaintiff's CONSUMER DISPUTES THE DEBT LETTER. The FCCPA states in pertinent part:

559.72 **Prohibited practices generally.**—In collecting consumer debts, no person shall:

(6) Disclose information concerning the existence of a debt **known to be reasonably disputed** by the debtor without disclosing the fact. §559.72., Fla. Stat.

69.     The Florida Consumer Collections Practices Act, requires SUPERIOR to contact the consumer reporting agencies immediately after SUPERIOR received Plaintiff's CONSUMER DISPUTES THE DEBT LETTER. The FCCPA states in pertinent part:

559.72 **Prohibited practices generally.**—In collecting consumer debts, no person shall:

(6) Disclose information concerning the existence of a debt **known to be reasonably disputed** by the debtor without disclosing the fact. §559.72., Fla. Stat.

70.     SUPERIOR failed to notify the consumer reporting agency, namely Equifax, that Plaintiff disputed the alleged debt as required by the FCCPA.

71.     Defendants intentionally and knowingly violated the FCCPA.

72.     Each day that SUPERIOR fails to notify the consumer reporting agency of a dispute is a violation under FCCPA.

73.     As a result of SUPERIOR's violations of the FCCPA, Defendant is liable to the Plaintiff, BUCKLEY CORREA, for statutory damages, actual damages, costs and attorney's fees.

11

74.    .Plaintiff, BUCKLEY CORREA, has been damaged by these acts and/or. statements and Plaintiff has incurred attorneys' fees and is entitled to reimbursement of those attorneys' fees pursuant to § 559.77, *Fla. Stat.*

WHEREFORE, Plaintiff, RICHARD BUCKLEY CORREA CORREA, demands judgment against Defendant, SUPERIOR ASSET MANAGEMENT, INC., as follows :

(A) a declaratory judgment stating that Defendant's conduct violated the FCCPA;

(B) a final judgment requiring the Defendant to correct Plaintiff's credit report and to notify the credit reporting agency, Equifax, that Plaintiff disputes the alleged debt;

(C) statutory damages pursuant to § 559.55 et seq., *Fla. Stat*;

(D) actual damages pursuant to § 559.55 et seq., *Fla. Stat*;

(E) costs and reasonable attorneys' fees; and

(F) such other relief the Court deems just and proper.

## COUNT IV
## FURTHER VIOLATIONS OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES ACT
(As to AFNI and SUPERIOR)

Plaintiff realleges all introductory paragraphs 1 through 25 and incorporates them by this reference.

75.    Defendant, AFNI, is a "debt collector" as defined by § 559.55 (6), *Fla. Stat.*

76.    Defendant, SUPERIOR, is a "debt collector" as defined by § 559.55 (6), *Fla. Stat.*

77.    Plaintiff, BUCKLEY CORREA CORREA , is a "consumer" as defined by § 559.55 (2), *Fla. Stat.*

78.    AFNI regularly provides information to the consumer reporting agencies.

79.    SUPERIOR regularly provides information to the consumer reporting agencies.

12

80.    After AFNI received Plaintiff's CONSUMER DISPUTES THE DEBT LETTER, AFNI had an obligation to notify the consumer reporting agencies that Plaintiff disputed the alleged debt.

81.    After SUPERIOR received Plaintiff's CONSUMER DISPUTES .THE DEBT LETTER, SUPERIOR had an obligation to notify the consumer reporting agencies that Plaintiff disputed the alleged debt.

82.    The Florida Consumer Collections Practices Act, requires AFNI to contact the consumer reporting agencies immediately after AFNI received Plaintiff's CONSUMER DISPUTES THE DEBT LETTER. The FCCPA states in pertinent part:

**559.72 Prohibited practices generally.**--In collecting consumer debts, no person shall:

(3) Tell a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, *orally or in writing, directly or indirectly*, information affecting the debtor's reputation for credit worthiness without also informing the debtor that *the existence of the dispute will also be disclosed as required by subsection (6)*[emphasis added]

83.    The Florida Consumer Collections Practices Act, requires SUPERIOR to contact the consumer reporting agencies immediately after SUPERIOR received Plaintiff's CONSUMER DISPUTES THE DEBT LETTER. The FCCPA states in pertinent part:

**559.72 Prohibited practices generally.**–In collecting consumer debts, no person shall:

(3) Tell a debtor who disputes a consumer debt that she or he or any person employing her or him will disclose to another, **orally or in writing, directly or indirectly,** information affecting the debtor's reputation for credit worthiness without

13

also informing the debtor that **the existence of the dispute will also be disclosed as required by subsection (6)** [emphasis added]

84.     AFNI failed to inform the Plaintiff that AFNI would disclose the debt as disputed as required by the FCCPA.

85.     SUPERIOR failed to inform the Plaintiff that SUPERIOR would disclose the debt as disputed as required by the FCCPA.

86.     AFNI failed to immediately notify the consumer reporting agency, namely Equifax, that Plaintiff disputed the alleged debt as required by the FCCPA.

87.     SUPERIOR failed to immediately notify the consumer reporting agency, namely Equifax, that Plaintiff disputed the alleged debt as required by the FCCPA.

88.     AFNI violated the FCCPA.

89.     SUPERIOR violated the FCCPA.

90.     Each day that AFNI fails to notify the consumer reporting agency of the dispute is a violation under FCCPA.

91.     Each day that SUPERIOR fails to notify the consumer reporting agency of the dispute is a violation under FCCPA.

92.     As a result of AFNI'S violations of the FCCPA, Defendant is liable to the Plaintiff, BUCKLEY CORREA, for statutory damages, actual damages, costs and attorney's fees.

93.     As a result of SUPERIOR'S violations of the FCCPA, Defendant is liable to the Plaintiff, BUCKLEY CORREA, for statutory damages, actual damages, costs and attorney's fees.

14

94.    Plaintiff, BUCKLEY CORREA, has been damaged by these acts and/or statements and Plaintiff has incurred attorneys' fees and is entitled to reimbursement of those attorneys' fees pursuant to § 559.77., *Fla. Stat.*

WHEREFORE, Plaintiff, RICHARD BUCKLEY CORREA, demands judgment against Defendants, AFNI, INC. and SUPERIOR ASSET MANAGEMENT, INC., as follows :

(A) a declaratory judgment stating that Defendants' conduct violated the FCCPA;

(B) a final judgment requiring the Defendant to correct Plaintiff's credit report and to notify the credit reporting agency, Equifax, that Plaintiff disputes the alleged debt;

(C) statutory damages pursuant to § 559.55 et seq., *Fla. Stat*;

(D) actual damages pursuant to § 559.55 et seq., *Fla. Stat*;

(E) costs and reasonable attorneys' fees; and

(F) such other relief the Court deems just and proper.

### JURY DEMAND

Plaintiff, RICHARD BUCKLEY CORREA, hereby demands a trial by jury on all issues as set forth in the within Complaint.

LAW OFFICE OF BUCKLEY CORREA
Weston Corporate Center
2500 Weston Road, Suite 213
Weston, Florida 33331
(954)-217-3017

By:_____
        Richard Buckley, 50830

15

## Personal Letter from Richard A. Buckley

January 4, 2008

CERTIFIED MAIL
70032260000225643495

Afni Representative
Afni, Inc.
P.O. Box 3427
Bloomington, IL. 61702

SUBJECT:   CREDITOR: CINGULAR                CREDITOR ACCOUNT #: 5275613
          · AFNI ACCOUNT #: 012193378-02     CONSUMER: RICHARD BUCKLEY

Dear Afni Collections Representative,

      I acknowledge receipt of your company's letter dated December 23, 2007 to me, Richard Buckley, receipt of which was on January 2, 2003. Pursuant to the Fair Debt Collection Practices Act ("FDCPA"), this letter serves as the consumer's written request to fully dispute the debt and to request verification of the alleged debt. Please also provide us the full name, address, and phone number of the original creditor.

      If Cingular phone company ("Cingular") or AFNI, Inc. ("AFNI Collections") placed any comments on the consumer's credit report without following the appropriate procedures outlined by Fair Debt Collection Practices Act, the Fair Debt Reporting Act, or other Federal Law, *we respectfully request that they be removed immediately.*

      Should we not receive a *written response* from AFNI Collections within twenty (20) calendar days of this letter, we will assume that AFNI Collections has no interest in resolving this matter amicably and we will proceed accordingly. In the interim, Cingular and/or AFNI Collections should agree to cause any comments regarding this alleged debt be disputed and/or removed from consumer's credit report within thirty (30) days from the date on this letter.

      Nothing in this letter should be construed by Cingular and/or AFNI Collections as a waiver of any of my rights under Federal or State Law. Further, pursuant to section 805 (c) of the Fair Debt Collection Practices Act, I fully dispute the alleged debt.

      Thank you in advance for your anticipate courtesy.

Very truly yours,

Richard Buckley

EXHIBIT
A

Richard A. Buckley, 2527 Jardin Drive, Weston, Florida 33327 (954)-610-9838 (voice)

Richard Buckley

2527 Jardin Drive
Weston, FL 33327

CERTIFIED MAIL - RETURN RECEIPT
7004-2990-0000-9235-1600

April 24, 2005

Superior Asset Management
348 Miracle Strip Parkway S
Fort Walton Beach, FL 32548

Dear Sir/Madam:

This letter is forwarded to your collection agency reference account number 1825628 (as maintained under social security number 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) and the dunning collection notices recently received. Insofar as your agency is a debt collector pursuant to section 803 of the Fair Debt Collection Practices Act, you will be treated like one. Therefore, the Fair Debt Collection Practices Act – and all of its relevant provisions – will be invoked.

YOU ARE HEREBY NOTIFIED that this is a disputed debt pursuant to section 809 of the Fair Debt Collection Practices Act. The specific content of said dispute was recently stated – verbally – to an individual at your agency who refused to provide their name upon request thereof. Pursuant to the FDCPA, you are prohibited from dunning a debtor when a specific debt is disputed.

YOU ARE FURTHER NOTIFIED that this is a disputed debt pursuant to section 623 of the Fair Credit Reporting Act. It is my belief that your agency has illegally reported this disputed debt to Equifax, Experian, and/or Trans Union. If this is the case, I will most certainly litigate an action against your agency insofar as it has willfully reported a disputed debt. Pursuant to the FCRA, your agency must notify the consumer reporting agencies of any disputed delinquency immediately upon notification thereof. A further cause of action may exist for failure to perform this ministerial task.

YOU ARE FURTHER NOTIFIED that I desire no further communication with your agency pursuant to section 805 of the Fair Debt Collection Practices Act. Your agency is to CEASE and DESIST all further communication immediately. Should I receive another piece of dunning correspondence that does not comport with the provisions of the FDCPA, I will immediately initiate litigation against your agency.

Sincerely,

Richard Buckley

THIS IS AN ATTEMPT TO MAKE A DEBT COLLECTOR OBEY THE LAW. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM AN ALLEGED DEBTOR REFERENCE A DISPUTED DEBT.

EXHIBIT

B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RICHARD BUCKLEY CORREA ,

      Plaintiff,

v.

AFNI, INC. and SUPERIOR
ASSET MANGEMENT, INC.,

      Defendants.

_____/

## JOINDER IN REQUEST FOR REMOVAL AND NOTICE OF REMOVAL

COMES NOW, the Defendant, AFNI, INC., and joins in the Notice of Removal and request for removal of this entire action to the United States District Court for the Southern District of Florida and states as follows:

Defendant, AFNI, INC. hereby joins in and requests removal of this case from the County Court, in and for Broward County, Florida to the United States District Court for the Southern District of Florida, and adopts the Petition for Removal, supporting documents, and Memoranda of Law submitted by Petitioner, in support thereof.

The Defendant, AFNI, INC. hereby states that it is a foreign corporation incorporated in the State of Illinois and its principal place of business is located in Bloomington, Illinois.

WHEREFORE, Defendant, AFNI, INC., respectfully requests this Honorable Court to remove this case to the United States District Court of the Southern District of Florida.

Dated: 7/22/09

Name: _Alicia Williams_

Alicia. Williams
Duly authorized representative of
the above-named Defendant

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**FILED by ___ D.C.**

**JUL 24 2009**

**STEVEN M. LARIMORE**
**CLERK U.S. DIST. CT.**
**S.D. of FLA - MIAMI**

## I. (a) PLAINTIFFS
RICHARD BUCKLEY CORREA

## DEFENDANTS
SUPERIOR ASSET MANAGEMENT, INC.

**(b)** County of Residence of First Listed Plaintiff   **BROWARD**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **BROWARD**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**CIV - HUCK**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard A. Buckley, Esq., 2500 Weston Road, Suite 213, Weston, FL 33331; 954-217-3017

Attorneys (If Known)
Ernest H. Kohlmyer, Esq., Bell, Roper & Kohlmyer, P.A. 2707 E. Jefferson St., Orlando, FL 32803; 407-897-5150

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

**09CV 61130   Huck / O'Sullivan**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | | |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | **IMMIGRATION** | |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 462 Naturalization Application | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 465 Other Immigration Actions | | |
| ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | | | |
| ☐ 446 Amer. w/Disabilities Other | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

☒ 480 Consumer Credit

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO

JUDGE                              DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
15 USC Section 1692; Fair Debt Collection Practices Act

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD

DATE 7/23/09

FOR OFFICE USE ONLY
AMOUNT $350.00     RECEIPT # 100535 IFP

07/27/09